**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

___

FRANCISCO PERALTA, 96-A-6821,

                           Plaintiff,

                    04-CV-6559 (CJS)

-vs-

                 DECISION and ORDER

SUPERINTENDENT EDWARD DONNELLY,

                           Defendant.

___

**APPEARANCES**

| | |
|---|---|
| For Plaintiff: | Francisco Peralta, *pro se*<br>96-A-6821<br>Fishkill Correctional Facility<br>Box 1245<br>Beacon, NY 12508 |
| For Defendant: | Gary M. Levine, Esq.<br>New York State Office of the Attorney General<br>144 Exchange Boulevard<br>Suite 200<br>Rochester , NY 14614 |

**INTRODUCTION**

    This is an action by *pro se* Plaintiff, a prison inmate, brought under 42 U.S.C. § 1983, asserting an Eighth Amendment claim of inadequate medical care. After dismissing the case in February 2007 for failure to name proper defendants, the Court granted Plaintiff's request for reconsideration, and, upon reconsideration, allowed Plaintiff to amend the Complaint by adding new defendants. (Docket # 20.) On September 10, 2007, Plaintiff filed his Second Amended Complaint. (Docket # 22.) Now before the Court is Defendant's Memorandum in Opposition to Plaintiff's Motion to Amend (Docket # 23),

which the Court will construe as a Motion for Reconsideration of the Order granting leave to amend.[1]  For the reasons set forth below, Defendant's motion (Docket # 23) is denied and the Court upholds its decision to allow Plaintiff to amend the Complaint.

## BACKGROUND

On November 8, 2004, Plaintiff filed a complaint against an unknown defendant at Wende Correctional Facility ("Wende") for inadequate medical treatment.  (Docket # 1.) Specifically, Plaintiff alleged that on March 29, 2003, an unknown physician ("John Doe") prescribed him an overdose of Kayexalate, which caused Plaintiff to suffer complications that led to his hospitalization.  (Docket # 4.)  Plaintiff did not know who had prescribed the dose of Kayexalate because the prescription had been made over the telephone.  (Docket # 26.)  On January 14, 2005, the Honorable William M. Skretny of this Court noted the difficulties an incarcerated *pro se* litigant faces in pursuing discovery, and he issued an order allowing Plaintiff to amend his Complaint to name the Superintendent of Wende as defendant until he identified John Doe.  (Docket # 3.)  Judge Skretny also noted that the New York State Attorney General would likely represent the John Doe defendant.  *Id.* Consequently, Judge Skretny directed the Clerk of the Court to send a copy of the Complaint to the Attorney General's office to facilitate the identification of the prescribing physician.  *Id.*  On February 14, 2005, Plaintiff filed his First Amended Complaint, naming Superintendent Edward Donnelly ("Donnelly") as Defendant.  (Docket # 4.)

---

[1] The Court granted Plaintiff's Motion to Amend two months prior to the instant motion. (Docket # 20.)

On November 18, 2005, this Court ordered the U.S. Marshals Service to effect service of the Summons and Complaint upon Donnelly, and in that regard, directed the Clerk to forward the Complaint and Amended Complaint to the New York State Assistant Attorney General in Charge. (Docket # 5.) On January 9, 2006, Defendant sent Plaintiff a copy of his medical records. (Levine Decl. Ex. A.) On January 17, 2006, Defendant filed a motion to dismiss the Complaint on the ground that Plaintiff had received a copy of his medical records, but had not identified the physician he wanted to sue. (Docket # 7.) On February 3, 2006, Plaintiff opposed Defendant's Motion to Dismiss and informed the Court that Defendant had not produced the medical records from the relevant time period—March-April 2003. (Docket # 11.) On February 11, 2006, Plaintiff served a letter requesting his medical records from March-April 2003 and specifically asked for the name of the physician who prescribed him Kayexalate for that time period. (Docket # 12.) Plaintiff addressed his request to the Freedom of Information Law ("FOIL") Officer at Wende with copies sent to the Superintendent of Wende, the Clerk of the Court, and Assistant Attorney General Gary Levine. *Id.*

On August 11, 2006, this Court issued an order deferring Defendant's Motion to Dismiss and noted that Plaintiff could not have determined the identity of the prescribing physician from the information provided to him by Defendant. (Docket # 13.) Further, this Court referred the case to Magistrate Judge Marian W. Payson. (Docket # 14.) On August 21, 2006, Plaintiff sent a letter to Magistrate Judge Payson stating that he still had not received the March-April 2003 medical records. (Docket # 19, Ex. 1.) In the letter, Plaintiff reiterated his request that Defendant provide him with the relevant medical records and any pharmacy records from that period to help him identify his treating physician. *Id.*

In September 2006, Plaintiff received the relevant medical records from Defendant, which included a memorandum written by Physician Assistant V. Bluff ("Bluff") stating that she had prescribed Plaintiff Kayexalate over the telephone on March 6, 2003. (Docket # 23.) On November 29, 2006, the parties participated in a scheduling conference and Magistrate Judge Payson set the deadlines on the issue of identifying John Doe. (Docket # 16.) Judge Payson directed Plaintiff to complete any additional discovery on John Doe's identity by January 31, 2007 and to file his motion to amend the complaint by February 14, 2007. *Id.* Plaintiff failed to make a motion by the February 14, 2007, deadline. (*See* Docket # 17.) Consequently, this Court granted Defendant's renewed Motion to Dismiss. *Id.*

However, on June 25, 2007, Plaintiff requested that the Court reconsider its dismissal of his Complaint and allow him time to amend to name the John Doe defendant. (Docket # 19.) The Court granted his motion and set the deadline for amendment at August 17, 2007, which the Court ultimately extended to September 14, 2007. (Docket ## 20 & 21.) In the Order, dated July 23, 2007, the Court specifically requested that the New York Attorney General "ascertain the name of the 'John Doe' defendant plaintiff seeks to sue, and provide the name and address for service to Plaintiff by August 17, 2007." (Docket # 20.) By letter dated July 24, 2007, Defendant's counsel indicated he was unable to "ascertain who Plaintiff seeks to sue." (Docket # 23.) However, on September 10, 2007, Plaintiff filed his Amended Complaint naming V. Bluff as defendant, along with three "John (or Jane) Doe" defendants—to stand in for the medical supervisors working the morning, afternoon, and evening shifts on March 29, 2003. (Docket # 22.) Defendant Donnelly is no longer named as a defendant. *Id.*

On September 21, 2007, counsel for Defendant filed a memorandum of law opposing Plaintiff's motion for leave to amend. (Docket # 23.) As stated above, the Court had already granted Plaintiff leave to amend on July 24, 2007. (Docket # 20.) Defendant argues that the amendment is futile, given that Plaintiff filed it after the three year statute of limitations had run, and argued that the amendment cannot relate back to the original Complaint. (Docket # 23.) On October 8, 2007, Plaintiff responded to Defendant's Memorandum in Opposition by stating that his Second Amended Complaint complied with the Court's Order granting him leave to amend. (Docket # 24.)

On October 25, 2007, this Court directed Plaintiff to respond to Defendant's argument that because the statute of limitations has run, Plaintiff can amend to name Bluff only if he omitted her name by mistake. (Docket # 25.) Plaintiff responded by stating that he had not known the identity of the prescribing physician and could not have named Bluff as a defendant until he received the relevant medical records in September 2006. (Docket # 26.) While Plaintiff concedes that he had the medical records when Magistrate Judge Payson issued the scheduling order, he explains that he missed the deadline to amend due to inadequate assistance from his assigned law clerk. *Id.* The record indicates that Plaintiff relies on prison law clerks to assist him with his filings because he is not fluent in English and has a limited education. (Docket # 19, Ex. 1, Letter, Oct. 9, 2006.)

## ANALYSIS

A plaintiff may amend a complaint once as a matter of course before a defendant serves a responsive pleading. Fed. R. Civ. P. 15(a)(1)(A). Thereafter, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* At the

outset of the case, the Court directed Plaintiff to amend his Complaint to name Defendant Donnelly as a placeholder defendant until the proper defendant could be identified. (Docket # 3.) Therefore, Plaintiff has already amended once as a matter of course.

The applicable statute of limitations for Section 1983 actions is three years, as provided by New York State law. *Soto v. Brooklyn Corr. Facility*, 80 F.3d 34, 35 (2d Cir. 1996). Because Plaintiff's claim stems from the alleged overdose administered on March 29, 2003, the statute of limitations period ended on March 29, 2006. (*See* Docket # 23.) Consequently, Plaintiff's Second Amended Complaint, dated September 5, 2007, needs to relate back to the Original Complaint in order to not be time-barred.

Rule 15(c) allows a plaintiff to amend the complaint after the applicable statute of limitations has run when:

> (A) the law that provides the applicable statute of limitations allows relation back;
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
>> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>>
>> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1). Given that New York State law supplies the statute of limitations for Section 1983 actions, the Court will consider the applicable state rules regarding

relation back as warranted by Rule 15(c)(1)(A).  *See Murphy v. West*, 533 F. Supp. 2d 312, 316 (W.D.N.Y. 2008) (citing *DeRienzo v. Harvard Indus.*, Inc., 357 F.3d 348, 353 n.8 (3d Cir. 2004)).  "Whether a claim relates back should be analyzed under both federal and state law, and whichever law [ ] affords a more forgiving principle of relation back should be utilized."  *Id.*  (quoting *Laureano v. Goord*, No. 06-CV-7845 (SHS) (RLE), 2007 WL 2826649, at *5 (S.D.N.Y. Aug. 31, 2007));  *accord* Fed. R. Civ. P. 15(c)(1) advisory committee's note (1991).

In this case, the parties do not dispute that the amendment arises from the same conduct, transaction, or occurrence as the claim in the original Complaint.  (*See* Docket # 23.)  But because it names a new defendant, under Rule 15(c)(1)(C), the court must consider (1) whether Plaintiff made a mistake concerning the identity of a proper party and (2) whether the new defendant would suffer prejudice due to lack of timely notice.  *See Soto*, 80 F.3d at 36-37.  The New York State relation back rule also has mistake and notice requirements.  *Buran v. Coupal*, 87 N.Y.2d 173, 179-81 (1995).  However, courts have noted that the state rule applies differently in cases of unknown defendants by focusing "on notice to possible defendants rather than whether the failure to name the defendant was an excusable mistake."  *Murphy*, 533 F. Supp. 2d at 316 (quoting *Wilson v. City of New York*, No. 03-CV-2495 (RLC), 2006 WL 2528468, at *3 (S.D.N.Y. Aug. 31, 2006)); *see also Buran*, 87 N.Y.2d at 180-81 (discussing notice as primary consideration).

### *1. Mistake*

The Second Circuit has held that lack of knowledge regarding the identity of the proper defendant does not constitute a mistake for purposes of relation back of amendments.  *Barrow v. Wethersfield Police Dep't*, 66 F.3d 466, 469-70 (2d Cir. 1995),

*modified*, 74 F.3d 1366 (2d Cir. 1996) ("[T]he failure to identify individual defendants when the plaintiff knows that such defendants must be named cannot be characterized as a mistake."). Even a *pro se* plaintiff cannot rely on relation back under Rule 15(c) when seeking to name new defendants because the plaintiff did not know the identities of the defendants at the time of the original complaint. *Tapia-Ortiz v. Doe*, 171 F.3d 150, 152 (2d Cir. 1999) (citing *Barrow*, 66 F.3d at 470). Furthermore, a plaintiff cannot rely on a John Doe defendant to serve as a place holder for purposes of circumventing the statute of limitations. *Id.* (citing *Aslandis v. U.S. Lines, Inc.*, 7 F.3d 1067, 1075 (2d Cir. 1993)).

However, a court in this circuit allowed relation back under the federal requirements when the plaintiff diligently tried, but failed, to identify the John Doe defendant. *Byrd v. Abate*, 964 F. Supp. 140, 145 (S.D.N.Y. 1997) (noting that plaintiff in *Barrow* failed to take steps to identify John Doe despite being ordered by court to do so). In *Byrd*, the plaintiff made timely requests for identifying information, but counsel for the correctional facility defendants failed to produce it within the limitations period. *Id.* at 145-47. Consequently, the court allowed the plaintiff to name a new defendant after the statute of limitations had run. *Id.* As the court explained, "it was the defense, rather than the plaintiff, who failed to identify the individual defendant despite [the plaintiff's] requests for that information." *Id.* at 146. The court further explained that to hold otherwise would allow counsel "to eliminate claims against any John Doe defendant merely by resisting discovery requests until the statute of limitations has ended." *Id.*

In any event, district courts have applied New York State's more lenient "mistake" requirement in similar Section 1983 cases. *Mabry v. New York City Dep't of Corrs.*, No.

05-CV-8133 (JSR) (JCF), 2008 U.S. Dist. LEXIS 17283, at *18-20 (S.D.N.Y. Mar. 7, 2008); *Murphy*, 533 F. Supp. 2d at 316. Under New York law, a plaintiff who named John Doe defendants can amend the complaint to name new defendants, even after the statute of limitations period has run, if the plaintiff acted in good faith and took steps to obtain the information within the limitations period. *Mabry*, 2008 U.S. Dist. LEXIS 17283, at *18-19; *Murphy*, 533 F. Supp. 2d at 316; *Wilson*, 2006 WL 2528468, at *3. For example, a plaintiff made diligent efforts when he served timely discovery requests and filed a FOIL request for information to identify the unknown defendant. *Wilson*, 2006 WL 2528468, at *3.

In the present case, Plaintiff could not name the defendant he wished to sue because he did not know who had issued the prescription for Kayexalate. While Plaintiff received some medical records prior to the end of the limitations period, he did not receive the relevant records until after the statute of limitations had run. (Docket # 11.) After receiving the incomplete medical records, Plaintiff made a written request for the records from March-April 2003 and specifically asked for the name of the prescribing physician. (Docket # 12.) The Court also notes that Plaintiff made these discovery requests before the end of the limitations period and sent them to the FOIL officer, as well as the Attorney General's office and the Superintendent of Wende. *Id.*

So, unlike the plaintiff in *Barrow*, Plaintiff here attempted to discover the identity of the prescribing physician prior to the expiration of the statute of limitations, but did not receive an adequate response to his request for information. Furthermore, Plaintiff could not have named the proper individual defendant before September 2006, over five months

after the statute of limitations had run.² (Docket # 13.) Accordingly, the Court applies the more lenient New York relation back rule and finds that Plaintiff's Second Amended Complaint can relate back because he made timely efforts to identify the John Doe defendant. However, Plaintiff's prior pleadings must still satisfy the notice requirement.

*2. Notice*

As the Supreme Court noted in discussing Rule 15(c), "[t]he linchpin is notice, and notice within the limitations period." *Schiavone v. Fortune*, 477 U.S. 21, 31 (1986). However, for purposes of Rule 15(c)(1)(C), the potential party need not receive formal notice. *Blaskiewicz v. County of Suffolk*, 29 F. Supp. 2d 134, 138 (E.D.N.Y. 1998). But the notice must be such that the defendant "will not be prejudiced in defending on the merits." Rule 15(c)(1)(C)(i); *accord Velez v. Fogarty*, No. 06-CV-13186 (LAK) (HBP), 2008 WL 5062601, at *5 (S.D.N.Y. Nov. 20, 2008). Furthermore, under the constructive notice doctrine, "[t]he court can impute knowledge of a lawsuit to a new defendant government official through his attorney, when the attorney also represented the official(s) originally sued so long as there is some showing that the attorney knew that the additional defendants would be added to the existing suit." *Velez*, 2008 WL 5062601, at *5; *accord Gleason v. McBride*, 869 F.2d 688, 693 (2d Cir. 1989); *Mabry*, 2008 U.S. Dist. Lexis 17283, at *15.

The constructive notice doctrine relies on the theory that the new "defendant is not prejudiced by the lack of notice if his attorney has already begun preparing a defense for the named defendant during the limitations period." *Velez*, 2008 WL 5062601, at *5. The

---

²In the Order dated August 11, 2006, this Court noted that the Attorney General's office had not provided Plaintiff with records from which he could identify the prescribing physician. (Docket # 13.)

counsel must have known or should have known that the new defendant would be added. *Blaskiewicz*, 29 F. Supp. 2d at 139 (citing *Gleason*, 869 F.2d at 693); *Byrd*, 964 F. Supp. at 146-47 (finding counsel on notice when plaintiff stated in complaint that officer on duty during incident would be defendant). Under the New York State requirements, the original Complaint must have included a sufficient description of the John Doe defendant to meet the notice requirement. *Wilson*, 2006 WL 2528468, at *3 (finding John Doe police officer defendant received sufficient notice when plaintiff identified date, approximate time, and place of arrest).

In this case, counsel for Defendant knew that another defendant would be added and had sufficient information with which to identify the unnamed defendant. At the outset of the case, the Court directed the Clerk of Court to forward the Court's initial Order and the Complaint "to the Attorney General's Office to facilitate the identification of the John Doe medical physician at Wende Correctional Facility, RMU Unit." (Docket # 3.) On November 18, 2005, the Court also ordered the Clerk to forward copies of the Complaint, Amended Complaint and the Court's Order to the Assistant Attorney General in Charge. (Docket # 5.) In his Complaint, Plaintiff clearly stated a claim against the person who prescribed him Kayexalate in March 2003 and who should have been monitoring his condition. (Docket # 1.) Furthermore, Defendant's counsel clearly had access to Plaintiff's medical records within the limitations period, since Plaintiff received an incomplete copy of his medical records from the Attorney General's office in January 2006. (Docket # 8.) Therefore, since Defendant's counsel had notice that another defendant would be added, had Plaintiff's description of the person he intended to sue, and had access to the relevant

records to identify that person, the Court finds that Plaintiff has satisfied the notice requirement for relation back of amendments under Rule 15.

## CONCLUSION

The Court finds that the Second Amended Complaint is not time-barred because it relates back to the original Complaint under Rule 15. Accordingly, Defendant's motion for reconsideration of the Decision granting Plaintiff leave to amend is denied. The Court directs the Clerk of Court to amend the caption to remove Superintendent Edward Donnelly as a party and to substitute V. Bluff.

IT IS SO ORDERED.

Dated: July 13, 2009
Rochester, New York

ENTER:

/s/ Charles J. Siragusa
Charles J. Siragusa
United States District Judge