UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

FRANCISCO PERALTA,

                    Plaintiff,        DECISION & ORDER
      -vs-                              04-CV-6559

v.

BLUFF,

                    Defendant.
_____

**APPEARANCES**

For Plaintiff:                  Brian Laudadio, Esq.
                                Joseph S. Nacca, Esq.
                                Bond, Schoeneck & King PLLC
                                350 Linden Oaks, Suite 310
                                Rochester, NY 14625
                                (585) 362-4714

For Defendants:             Gary M. Levine, A.A.G.
                                New York State Attorney General's Office
                                144 Exchange Blvd., Suite 200
                                Rochester, NY 14614

**INTRODUCTION**

**Siragusa, J.** Francisco Peralta, ("Plaintiff"), was formerly an inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"). He brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendant for alleged violations of his Constitutional rights under the Eighth Amendment regarding medical care that he received at Wende Correctional Facility ("Wende") in 2003. Now before the Court are the Defendant's motion for summary judgment, and the Plaintiff's

motion to amend the Second Amended Complaint 2 ECF Nos. 69, 72. For the reasons stated below, both applications are denied in their entireties.

## BACKGROUND

The following facts are undisputed and viewed in the light most favorable to Plaintiff. In 2003, Plaintiff was a 43 year-old inmate housed at Wende. Peralta Decl., ECF No. 47-3. Virginia Bluff ("Defendant") was a Physician's Assistant licensed to practice in the State of New York since March 5, 1982 and employed by DOCCS. Bluff Decl., ECF No. 42-2. In 2003, Bluff worked as a physician's assistant at the Regional Medical Unit at Wende Correctional Facility where Plaintiff was an inmate. *Id.* ¶ 4. Plaintiff's medical conditions included diabetes, hypertension, and end stage renal disease. *Id.* ¶ 5. He was receiving hemodialysis three (3) times a week. *Id.* On March 5, 2003, it was reported to Defendant that a laboratory study revealed that Plaintiff had elevated potassium levels-6.4 (normal level is 3.3-5.3). *Id*. On March 6, 2003, Defendant repeated the laboratory study to confirm the high potassium level. *Id*. On March 6, 2003, while Defendant was on sick call rounds, she was advised over the telephone that Plaintiff still had high potassium levels-6.2. *Id*. As a result, Defendant ordered that Plaintiff be given Kayexalate, 30gm po bid. *Id.* Kayexalate is a medicine commonly prescribed to patients who have an elevated potassium level. *Id*. Muscle weakness is a known side effect of Kayexalate. *Id*. ¶ 7.

Plaintiff stated that on March 29, 2003 at around 8:00 a.m he was given a double dose of Kayexalate before his dialysis treatment by a "small frame African American Nurse." Second Am. Compl. ¶ 13, ECF No. 22. After being administered the double dose of Kayexalate on March 29, 2003, Peralta began to lose all muscular function, so much so that he could not even, among other things, hold a glass of water. *See* Peralta Dec., ECF

No. 47-3. Peralta complained to two nurses and a supervisor throughout the night. *Id*. However, none of the medical staff at Wende took any action to assist or otherwise address Peralta's increasingly dire situation. *Id.* Finally, the next morning, Peralta was brought to the Erie County Medical Center ("ECMC"), where he spent four days. *Id*. The records show that at ECMC Plaintiff was treated for hypokalemia (lower-than-normal amount of potassium in the blood) and returned to Wende on April 3, 2003. Bluff Decl., ECF No. 42-2. The hospital discharge memoranda stated the following: "Muscle weak and myalgias secondary to hypokalemia most likely from the aggressive treatment with Kayexalate." *Id*.

Plaintiff suffered permanent physical damage as a result of the incident, including muscle deterioration in the arches of his feet, upper legs, knee joints, right hand and arm, damage to his heart, persistent random jerks in his body and systemic "pins and needles." Second Am. Compl., ECF No. 22. On April 16, 2003, after Plaintiff returned to the facility, he filed a grievance about Kayexalate. Bluff Decl., ECF No. 42-2. On April 29, 2003, Defendant submitted a memorandum to the grievance department advising her of role in Plaintiff's treatment. *Id*.

## STANDARDS OF LAW

### *Standard under Federal Rule of Civil Procedure 15*

A decision to grant or deny a motion to amend is within the sound discretion of the trial court. *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227 (1962). According to Rule 15(a)(2) of the Federal Rules of Civil Procedure ("FRCP"), a party may amend its pleading after responsive pleadings have been filed "only with the opposing party's written consent or the court's leave," and the "court should freely give leave when justice so requires." In

*Foman*, the United States Supreme Court set out several factors for a court to consider when deciding whether to grant leave to amend: undue delay, bad faith, or dilatory motive on the part of the movant; repeated failure to cure deficiencies by amendments previously allowed; undue prejudice to the opposing party; and futility of the amendment.

***Standard under Federal Rule of Civil Procedure 16***

Rule 16(b) requires a district court to enter a scheduling order that sets the deadlines for when the parties must, inter alia, amend the pleadings. Fed. R. Civ. P. 16(b). Rule 16(b) "is designed to offer a measure of certainty in pretrial proceedings, ensuring that at some point both the parties and the pleadings will be fixed." *Lawrence v. Town of Cheektowaga*, No. 04-CV-963, 2006 WL 2000124, at *2 (W.D.N.Y. July 17, 2006) (citing *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 339-40 (2d Cir. 2000) (internal citations omitted)). Accordingly, "a person seeking to amend a pleading after the date specified in a scheduling order must first show 'good cause' for the amendment under Rule 16(b)." *Id*. (quoting *Tschantz v. McCann*, 160 F.R.D. 568, 571 (N.D. Ind. 1995)). "Good cause means that scheduling deadlines cannot be met despite a party's diligence." *Id*. at *2 (citing *Carnrite v. Granada Hosp. Group, Inc.*, 175 F.R.D. 439, 446 (W.D.N.Y. 1997); see also *Grochowski v. Phoenix Const.*, 318 F.3d 80, 86 (2d Cir. 2003) ("A finding of good cause depends on the diligence of the moving party."). The factors to be considered in evaluating good cause are the same factors considered when evaluating a motion for leave to file an amended complaint. *Villante v. VanDyke*, 93 Fed. App'x 307, 309 (2d Cir. 2004) (citing *Parker v. Columbia Pictures Indus*., 204 F.3d 326, 339-40 (2d Cir. 2000) ("a court may exercise its discretion to deny an amendment because of the moving party's undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by previously allowed

amendment, undue prejudice to the opposing party or futility of the amendment.")).

### *Standard under Fed. R. Civ. P. 56(b) for Summary Judgment*

As a general rule, summary judgment will not be granted before discovery. Summary judgment may not be granted unless "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party seeking summary judgment bears the burden of establishing that no genuine issue of material fact exists. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S. Ct. 1598 (1970). Additionally, "the movant must make a prima facie showing that the standard for obtaining summary judgment has been satisfied." 11 Matthew Bender & Co., MOORE'S FEDERAL PRACTICE, § 56.40(1)(a) (3d ed. 2012).

"In moving for summary judgment against a party who will bear the ultimate burden of proof at trial, the movant may satisfy this burden by pointing to an absence of evidence to support an essential element of the nonmoving party's claim." *Gummo v. Village of Depew*, 75 F.3d 98, 107 (2d Cir. 1996) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548 (1986)), *cert. denied*, 517 U.S. 1190 (1996). The underlying facts contained in affidavits, attached exhibits, and depositions, must be viewed in the light most favorable to the non-moving party. *United States v. Diebold, Inc*., 369 U.S. 654, 655, 82 S. Ct. 993 (1962). Summary judgment is appropriate only where, "after drawing all reasonable inferences in favor of the party against whom summary judgment is sought, no reasonable trier of fact could find in favor of the nonmoving party." *Leon v. Murphy*, 988 F.2d 303, 308 (2d Cir. 1993).

*Standard Under 42 U.S.C. § 1983*

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. "To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d. Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir. 1994)).

*Standard for Eighth Amendment Violation*

To show that prison medical treatment was so inadequate as to amount to "cruel or unusual punishment" prohibited by the Eighth Amendment, Plaintiff must prove that Defendants' actions or omissions amounted to "deliberate indifference to a serious medical need." *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285 (1976); *Harrison v. Barkley*, 219 F.3d 132, 136-37 (2d Cir. 2000) ("A serious medical condition exists where 'the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain.'" (quoting *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998)). As the Supreme Court explained in *Wilson v. Seiter*, 501 U.S. 294, 298-99, 111 S. Ct. 2321 (1991), this standard includes both an objective and a subjective component. With respect to the objective component, the court must ask whether there has been a sufficiently serious deprivation of the prisoner's constitutional rights. With respect to the subjective component, the court must consider whether the deprivation was brought about a defendant in wanton disregard of those rights. *Id*. Therefore, to establish deliberate indifference a plaintiff must prove that the defendant had a culpable state of mind and intended wantonly to inflict pain. *See Wilson*, 501 U.S. at 299; *Ross v. Kelly*, 784 F. Supp.

35, 44 (W.D.N.Y. 1992), *aff'd*, 970 F.2d 896 (2d Cir. 1992). In *Estelle* the Court cautioned that mere negligence is not actionable. "A [prisoner's] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106. Rather, the plaintiff must allege conduct that is "repugnant to the conscience of mankind," id. at 102, or "incompatible with the evolving standards of decency that mark the progress of a maturing society." *Id*. at 105-06. It is clear, then, that allegations of medical malpractice do not state a constitutional claim. *Id*., 429 U.S. at 106 and n.14; *Chance*, 143 F.3d at 703-04; Ross, 784 F. Supp. at 44. Likewise, an inmate's "mere disagreement over the proper treatment does not create a constitutional claim. So long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation." *Chance*, 143 F.3d at 703.

## ANALYSIS

*Rule 16*

Here, Plaintiff seeks to amend a pleading beyond a court-ordered deadline for doing so. Therefore, the Court must determine whether the party has shown "good cause." Where, as here, a scheduling order governs amendments to the complaint, *see* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."), the lenient standard under Rule 15(a), which provides leave to amend shall be freely given, must be balanced against the requirement under Rule 16(b) that the Court's scheduling order shall not be modified except upon a showing of good cause. Whether good cause exists turns on the diligence of the moving party. *Holmes v. Grubman*, 568

F.3d 329, 334-35 (2d Cir. 2009) (citations and internal quotation marks omitted).

Judge Payson issued a scheduling order on December 8, 2006, which imposed a deadline requiring Plaintiff to file any motion to amend his complaint by February 14, 2007. Scheduling Order, Dec. 8, 2006, ECF No. 16. Further, the order stated that no extensions would be granted unless a written, joint motion was filed before February 14, 2007. No such motion was ever filed. This motion to amend was not only filed past the deadline, but it was filed years after the deadline. Moreover, the Plaintiff has failed to show good cause for the overdue motion. The Plaintiff failed to provide the court with any reason or proof of his good cause. Moreover, he failed to reply to Defendant's response even after asking the Court for an extension to reply. As a result, Plaintiff's cross-motion to amend is denied.

### *Statute of Limitations*

Section 1983 claims are governed by a three-year statute of limitations. Defendant alleges that Plaintiff knew of her identity in 2003 and did not file a complaint until 2007, which is beyond the three year statute of limitations. For proof of this, Defendant provided the Court with a copy of her response to Plaintiff's grievance from Wende Correctional Facility. However, Defendant fails to prove that Plaintiff actually received a copy of this document prior to 2006. Accordingly, Defendant's motion that the claim should be dismissed based on the statute of limitations is denied.

### *Eighth Amendment*

Viewing the evidentiary proof in the light most favorable to Plaintiff, the Court finds that there are genuine issues of material fact. Therefore, Defendant's Motion for Summary Judgment is denied.

**CONCLUSION**

For the foregoing reasons, Defendant's Motion for Summary Judgment is denied without prejudice to allow Plaintiff time to conduct discovery and Plaintiff's Cross-Motion for Leave to Amend the Complaint is denied pursuant to Federal Rule of Criminal Procedure 16.

Further, the Clerk of the Court is directed to remove Defendant Edward Donnelly from the docket caption as well as remove Defendants John (or Jane) Doe #s 1, 2, and 3 from the docket caption, and re-caption the case as shown in this Decision and Order.

Further, the Defendant is directed to answer the Second Amended Complaint, within thirty days from the date that this order is issued, pursuant to 42 U.S.C. § 1997e(g)(2). So Ordered.

Dated: November 26, 2012
Rochester, New York

ENTER:

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge